Steamboat Osprey vs. Jenkins.

9 636
47a 246

## STEAMBOAT OSPREY vs. UPTON JENKINS.

1. The affidavit of the complainant in an action against a boat, stating "that the facts set forth in the complaint are true to the best of his knowledge," is sufficient.

2. When in a suit instituted by a non-resident, he having failed to give security for costs, if a motion be made to dismiss for want of such security, within the time allowed the defendant to plead, a judgment by default cannot be entered against the defendant until that motion is disposed of.

APPEAL from St. Louis Circuit Court.

CROCKETT & BRIGGS, for Appellant.

POINTS AND AUTHORITIES.

1. That the affidavit annexed to the complaint is insufficient. He swears only to the " best of his knowledge;" whereas it should have stated the complaint to be absolutely true; 6 Mo. R. 357 8; Chitty on Bills, 348.

2. That before the time for pleading expired, the plaintiff in error moved to dismiss the suit for want of security for costs, and whilst this motion was pending and undecided, judgment by default could not be properly entered. The defendant in the court below was not in default having appeared to the action in moving for security for costs; but was not bound to plead until the plaintiff had placed himself, rectus in curia, by giving the bond required by law, which has not yet been done.

3. That the default should have been set aside upon the affidavits filed.

GOODE & CORNICK, for Appellee.

POINTS AND AUTHORITIES.

1. Relative to the 1st, 2d and 4th assignments of error, the uniform practice of this court has been "not to disturb a discretionary act of the court below, unless the record discloses a case of great hardship." According to the record it would have been a great hardship had the court acted otherwise than it did.

2. There is no law, statute, custom, or rule of court, by which the third assignment of error is sustained,

3. The affidavit is sustained by the decision of Bridgford et. al. vs. steamboat Elk, 6 Mo. R. 356.

4. The plaintiff in error is not entitled to be heard. There should have been an order of the court below obtained, permitting the defence to be conducted by the master, owner, agent, or consignee of the steamboat; See Dig. 1835, p. 103, § 7.


McBride, J., delivered the opinion of the court.

Jenkins, on the 18th April, 1844, filed his complaint in the office of the clerk of the circuit court of St. Louis county against the steamboat Osprey, navigating the waters of this State, for damages sustained in the shipment of 130 barrels of apples from Cincinnati, Ohio, to Galena, Illinois. Jenkins verified the facts alleged in the complaint by the following affidavit :

"Upton Jenkins being duly sworn, states that the facts in the foregoing declaration are true, to the best of his knowledge, and that said cause of action has accrued within six months." Signed, &c.

A warrant issued on the same day returnable to the 3d Monday in November, being the 18th of the month. On the 23d November, 1844, the attorney for the boat filed a motion to compel the plaintiff, who was a non-resident, to give security for the costs; R. C. 1835, p. 127, § 8. On the 25th of said month, and before the disposition of the motion which had been filed two days preceding, the court entered a judgment by default against the defendant for want of a plea, and ordered an enquiry of damages. On the 4th December, the defendant filed a motion to set aside the judgment by default. On the 6th December the motion for security for costs was heard and sustained, and an order made requiring the plaintiff to give the security on or before the 9th of said month, when the plaintiff forthwith gave the security required. On the 9th December another motion was filed by the boat to set the judgment aside, and for leave to plead the merits of the action, which was

overruled. An assessment of damages was made on the same day and judgment, whereupon the defendant excepted, and appealed to this court.

The errors assigned, and which we shall notice, are:

1. That the affidavit was insufficient upon which the warrant issued.

2. That the court erred in rendering a judgment by default against the defendant, before a disposition was made of the motion for security for costs.

To sustain the first point we are referred to a decision of this court, 6 Mo. R. 357, as an authority decisive of the question. The affidavit in that case was made by an individual not a party to the suit, and who from anything which appeared in the cause may have known nothing of the facts set out in the complaint, and consequently had no right to testify on the subject. Here, however, the affiant is the plaintiff, and should be presumed to know what he is testifying about, and whether the facts set out in the complaint are true. The reason, therefore, of the principle announced in the case referred to, has no application in the case now before us. But it is said that the plaintiff only swears to the best of his knowledge. This we think sufficient, particularly when the whole of the fact about which he deposes are presumed to be within his own knowledge; if he had sworn to the best knowledge of another, the affidavit would undoubtedly have been bad.

On the second point the record shows that within the time allowed by law for pleading, the defendant filed his motion, asking the court to make a rule against the plaintiff that he give security for costs, which the statute required him to do before he was entitled to become a suitor in our courts. The legitimate effect of this motion was to suspend all further proceedings until it was disposed of by the court; and we think the court erred in entering a judgment by default, for the want of plea, until the security for costs was given. There can be no propriety in requiring the defendant to incur any additional trouble and costs, until it was ascertained whether the plaintiff would secure him in the costs that had or might accrue in the event of his becoming liable for them. Besides the officers of the court, and others who are bound by law to render services in the cause, have a right to be secured in their fees for such services.

The plaintiff, however, invokes the aid of the 29th rule of the circuit court of St. Louis county, which provides that affidavits filed in support of motions, shall not be amended after they are filed, &c. This is no doubt a very salutary rule, and tends to prevent the making of affidavits "to order."

Notwithstanding the defendant did file an affidavit in support of his motion, stating that he had a meritorious defence to the plaintiff's cause of action, and which may have been rightfully adjudged insufficient, yet, inasmuch as he was not bound to plead until a disposition of his motion, there was no necessity for any such affidavit; and whether defective or not, it is not important now to enquire. There having been no *laches* on the part of the defendant, the rule is inapplicable.

The judgment of the circuit court will be reversed, and the cause remanded to that court, where the defendant will be permitted to plead.

The other Judges concurring herein, the judgment is reversed.